**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DIGITECH INFORMATION SYSTEMS, INC.,**

    **Plaintiff,**

**-vs-**                Case No.  6:10-cv-1398-Orl-28KRS

**ALLY FINANCIAL INC. and CAPITAL AUTO RECEIVABLES LLC,**

    **Defendants.**
_____

## ORDER

The instant patent infringement controversy involves a method and apparatus for selecting leases to optimize investment portfolios.  Specifically, the patent at issue describes the following actions: (1) calculating the rate of return on individual leases based on a number of different variables, (2) selecting leases with a high rate of return, and (3) using the selected lease to create lease-backed financial instruments.

Plaintiff Digitech Information Systems, Inc. ("Digitech") sued Ally Financial Inc. ("Ally Financial") and Capital Auto Receivables LLC ("CARI"), alleging infringement of the patent at issue. CARI now moves for dismissal of the claims against it on the ground that this Court lacks personal jurisdiction over CARI.  Having considered all of the papers filed by the parties and the evidence presented, CARI's motion must be granted.[1]

---

[1] The motions presently before the Court include: (1) CARI's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) for Lack of Personal Jurisdiction and Supporting Memorandum (Doc. 32), and (2) Digitech's Memorandum of Law in Opposition to Defendant CARI's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) for Lack of Personal Jurisdiction (Doc. 37).

**Background**

Defendant Ally Financial is a Delaware corporation with its principal place of business in Detroit, Michigan. (Doc. 32-1 at 2). Ally Financial leases new and used vehicles from General Motors and non-General Motors franchised dealers, (Doc. 37-2 at 68), and is involved in the business of arranging for the issuance of notes to investors, (Doc. 32-1 at 2).

Defendant CARI is also a Delaware limited liability company with its principle place of business in Detroit, Michigan. (Doc. 32-1 at 2). CARI is a wholly owned subsidiary of Ally Financial. (*Id.*). CARI has no employees or offices in Florida. (*Id.* at 3). CARI is not registered to do business in Florida and does not conduct business in Florida. (*Id.*). Rather, CARI acts in the limited role as a depositor and initial certificate holder for various asset-backed securities. (*Id.*). CARI sells these asset-backed securities to different underwriters. (*Id.*).

On September 20, 2010, Digitech filed a one-count Complaint against Ally Financial and CARI alleging infringement of United States Patent No. 7,739,180 ("the '180 patent").[2] (Doc. 1). In the Complaint, Digitech asserts that both Ally Financial and CARI conduct business and infringe the '180 patent within the Middle District of Florida. (*Id.* ¶¶ 3, 4, 10). While Ally Financial responded to the Complaint by filing an Answer, (Doc. 33), CARI responded to the Complaint by filing the present Motion to Dismiss contending that this Court lacks personal jurisdiction over CARI, (Doc. 32). CARI maintains that it has no contacts with Florida and is not involved in the selection of leases for asset-backed securities. (*Id.*). In response, Digitech contends that the activities of Ally

---

[2] The '180 patent covers a method and apparatus for selecting leases to optimize an investment portfolio by calculating the rate of return on individual leases based on a number of different variables, selecting those leases with a high rate of return, and using the selected lease to create lease backed financial instruments. (Doc. 1-1).

Financial in Florida should be imputed to CARI for purposes of establishing personal jurisdiction.[3] (Doc. 37).

**Analysis**

In patent cases, Federal Circuit law governs questions of personal jurisdiction where, as here, the jurisdictional question at issue is "'intimately involved with the substance of patent laws.'"[4] *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1359 (Fed. Cir. 2001) (quoting *Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir. 1995)). Under Federal Circuit law, where the district court's disposition as to the personal jurisdictional question is based on affidavits and other written materials in the absence of an evidentiary hearing, a plaintiff need only make a *prima facie* showing that defendants are subject to personal jurisdiction. *Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1347 (Fed. Cir. 2002). "In the procedural posture of a motion to dismiss, a district court must accept the uncontroverted allegations in the plaintiff's complaint as true and resolve any factual conflicts in the affidavits in the plaintiff's favor." *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003); *accord Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000) (finding that once a plaintiff alleges sufficient facts supporting the exercise of personal jurisdiction under a long-arm statute, "the burden shifts to the defendant to make a prima facie showing of the inapplicability of the statute. If the defendant sustains this burden, the plaintiff

---

[3] To date, Digitech has not requested an evidentiary hearing or leave to conduct jurisdictional discovery.

[4] In *Akro Corp. v. Luker*, 45 F.3d 1541 (Fed. Cir. 1995), the Federal Circuit found that "[t]he jurisdictional issue presented by an out-of-state patentee is no less intimately involved with the substance of the patent laws than that of an out-of-state accused infringer. Consequently, the instant case . . . presents a question of Federal Circuit law." *Id*. at 1543. Here, the question of personal jurisdiction involves an accused infringer, CARI. Accordingly, Federal Circuit law applies.

is required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint." (quotation omitted)).

Determining whether personal jurisdiction exists over an out-of-state defendant involves two inquiries: (1) whether a forum state's long-arm statute permits service of process, and (2) whether the assertion of personal jurisdiction would violate due process. *Genetic Implant Sys., Inc. v. Core-Vent Corp.*, 123 F.3d 1455, 1458 (Fed. Cir. 1997) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-76 (1985)). In analyzing a forum state's long-arm statute, the Federal Circuit defers to that state's interpretations of the long-arm statute. *Graphic Controls Corp. v. Utah Med. Prods., Inc.*, 149 F.3d 1382, 1386 (Fed. Cir. 1998). However, "when analyzing personal jurisdiction for purposes of compliance with federal due process, Federal Circuit law, rather than regional circuit law, applies." *3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1377 (Fed. Cir. 1998) (internal citations omitted).

The Florida long-arm statute provides two bases for the exercise of personal jurisdiction: (1) general jurisdiction under section 48.193(2), Florida Statutes, and (2) specific jurisdiction under section 48.193(1), Florida Statutes. The relevant provisions of section 48.193 identifying acts that may subject a defendant to jurisdiction read as follows:

> (1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
>
> > (a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
> >
> > (b) Committing a tortious act within this state. . . .

> (2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

§ 48.193, Fla. Stat. Digitech contends that the Florida long-arm statute reaches CARI under both the general jurisdiction provision and the specific jurisdiction provision. The Court will address each contested jurisdictional provision in turn.

**I. General Jurisdiction, Section 48.193(2), Florida Statutes**

Digitech maintains that the evidence of record demonstrates that this Court may exercise general jurisdiction over CARI as a result of CARI's own activities in Florida as well as the activities of Ally Financial. (Doc. 37 at 9). Specifically, Digitech maintains that "[b]ased on the evidence presented, it is reasonable to assume that the creation and operation of CARI is a mere corporate formality. Ally Financial's relationship with CARI should allow the Court to extend its jurisdiction over CARI." (*Id*. at 10). Digitech's arguments are without merit.

"It is well settled in Florida that the mere presence of a subsidiary in Florida, without more, does not subject a non-Florida corporate parent to long-arm jurisdiction." *Enic, PLC v. F.F. South & Co.*, 870 So. 2d 888, 891 (Fla. 5th DCA 2004) (citations omitted); *Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1272 (11th Cir. 2002) ("Generally, a foreign parent corporation is not subject to the jurisdiction of a forum state merely because a subsidiary is doing business there."). However, a corporation that engages in substantial activity in Florida through a subsidiary may be subject to personal jurisdiction in Florida. *Universal Caribbean Establishment v. Bard*, 543 So. 2d 447, 448 (Fla. 4th DCA 1989). In order "[t]o determine whether a foreign corporation is liable based on a subsidiary's substantial activity, [courts] consider the ownership of the subsidiary, the business

activities of the subsidiary, and the financial relationship between the corporation and the subsidiary." *Abramson v. Walt Disney Co.*, 132 F. App'x 273, 275-76 (11th Cir. 2005) (citing *Meier*, 288 F.3d at 1272-73).

What is required for jurisdiction based on the relationship between a parent corporation and a subsidiary "is not *some* control but '*operational* control' by the parent over the subsidiary." *Gen. Cigar Holdings, Inc. v. Altadis, S.A.*, 205 F. Supp. 2d 1335, 1344 (S.D. Fla. 2002) (quoting *State v. Am. Tobacco Co.*, 707 So. 2d 851, 856 (Fla. 4th DCA 1998); *see also Dev. Corp. of Palm Beach v. WBC Constr., L.L.C.*, 925 So. 2d 1156, 1161-62 (Fla. 4th DCA 2006) ("The amount of control exercised by the parent must be high and very significant.").

> A substantial body of Florida law makes clear that it is only where a parent corporation exerts such extensive operational control over a subsidiary that the subsidiary is no more than an agent existing to serve only the parent's needs, that jurisdiction over the parent exists. Sharing some officers and directors, having a unified or 'global' strategy and goals, cross-selling in promotional materials, and performing services for one another is not sufficient to satisfy this test[.]

*Gadea v. Star Cruises, Ltd.*, 949 So. 2d 1143, 1146 (Fla. 3d DCA 2007). Thus, "[j]urisdiction over the foreign corporation will not be exercised based on the subsidiary's local activities where the subsidiary carries on its own business and preserves some independence from the foreign corporation." *Abramson*, 132 F. App'x at 276 (citing *Consolidated Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1293 (11th Cir.2000)); *Capital One Fin. Corp. v. Miller*, 709 So. 2d 639, 640 (Fla. 2d DCA 1998) ("[T]he presence of a subsidiary corporation within Florida is not enough, without more, to subject a non-Florida parent corporation to long-arm jurisdiction within Florida.").

In the present case, the factual assertions of the Complaint and the evidence presented relating to the corporate structure of Ally Financial and CARI are insufficient to subject CARI to Florida's

general long-arm jurisdiction based on the activities of Ally Financial. While CARI is a wholly owned subsidiary of Ally Financial, the uncontested evidence of record demonstrates that CARI is a separate and distinct entity that adheres to all corporate formalities. (*See* Doc. 32-1 at 2). The Complaint does not contain any contrary factual allegations regarding the relationship between these companies, and the only jurisdictional facts of record relevant to the issue of operational control include the following: (1) CARI is a wholly owned subsidiary of Ally Financial, and (2) employees of Ally Financial act as signatories for CARI on documents filed with the SEC.[5] Digitech offers no further factual assertions or evidence of operational control.[6] On the other hand, the uncontested evidence of record supports a finding that Ally Financial and CARI operate as separate and distinct corporate entities. The declaration of Ryan C. Farris, Executive Director of Global Securitization for Ally Financial, states that (1) "CARI acts in the limited role as a depositor and initial certificate holder for various asset-backed securities," (2) "CARI sells these asset-backed securities to various underwriters," and (3) "CARI did not act in concert with Ally Financial in selecting leases for asset-

---

[5] Digitech cites *Meier* to support its argument that Ally Financial's contacts with Florida should be imputed to CARI for purposes of establishing personal jurisdiction. (Doc. 30 at 7). In *Meier*, the Eleventh Circuit held that Bahamian corporations were subject to Florida's general personal jurisdiction in a personal injury lawsuit by a minor who was struck by a Bahamian hotel's commercial motorboat. *Id.* at 1272. The *Meier* court found that the Bahamian corporations' Florida subsidiaries, which solicited and coordinated reservations, advertising and marketing, provided day to day accounting services, purchased goods for the Bahamian corporations' hotel, and had significant financial ties to the Bahamian corporations, acted as the agents of the Bahamian corporations, subjecting the foreign corporations to Florida's jurisdiction. *Id.* at 1272-73. The facts in *Meier* are readily distinguishable from the present action, as Digitech has offered little evidence of corporate relatedness.

[6] Digitech also failed to set forth any argument or evidence to support a finding that CARI, the foreign subsidiary corporation, exerted operational control over Ally Financial, the parent corporation.

backed securities and was not Ally Financial's agent in selecting those leases." (Doc. 32-1 at 3). In addition, public documents filed with the SEC state that CARI is created as a "separate, limited-purpose subsidiary pursuant to a limited liability agreement containing certain limitations. These limitations include restrictions on the nature of the depositor's business." (Doc. 37-2 at 256-57). Thus, even accepting the uncontroverted allegations in the Complaint as true and resolving all factual conflicts in the affidavits in Digitech's favor, Digitech failed to demonstrate that either company exerted the level of "operation control" over the other that is required to establish general personal jurisdiction.[7] *See Dev. Corp. of Palm Beach v. WBC Const., L.L.C.*, 925 So. 2d 1156, 1159-62 (Fla. 4th DCA 2006) (concluding that a foreign parent corporation which shared at least one officer with its subsidiary; which had authority to approve some expenditures of its subsidiary; which had to approve the purchase or sale by its subsidiary of any asset valued in excess of $25,000; which had to approve the purchase of vehicles by its subsidiary; which audited its subsidiary on an annual basis and reported the subsidiary's profits and losses on a consolidated financial statement; which processed

---

[7] To the extent Digitech asserts that CARI's own contacts with Florida are sufficient to establish personal jurisdiction under section 48.193(2), Florida Statutes, this argument is not supported by the record. Digitech presents no specific factual allegations or evidence to support a finding that CARI itself had any contact with Florida. Instead, the Complaint merely presents a conclusory assertion that CARI is "doing business throughout the United States and within this Judicial District." (Doc. 1 ¶ 3). In its response to the present motion, Digitech argues without any evidentiary support that CARI's involvement in a recent "nationwide securities offering is, of course, also directed to residents of Florida." (Doc. 37 at 9). However, even assuming the securities offering was directed to Florida residents, this offering alone would be insufficient to establish general jurisdiction under section 48.193(2). *See Consolidated Dev.*, 216 F.3d at 1293 ("We decline to find that by offering bonds and debentures in the United States, several years before this action was filed, [defendant] exhibited the sort of systemic business contracts with the forum that are consistent with the assertion of general personal jurisdiction. As we noted . . . where a foreign corporation does not engage in general business in the forum, simply negotiating a contract there will not support general in personam jurisdiction."). On the other hand, the factually uncontested declaration of Mr. Farris supports a finding that CARI does not have any specific contacts with Florida. (Doc. 32-1).

its subsidiary's payroll; and which represented its relationship with its subsidiary as a "joint venture," stating in a website article that it was acting through a subsidiary, was not engaged in substantial business activity in this state within the meaning of section 48.193(2) because the parent did "not exert sufficient control over [the subsidiary] to justify jurisdiction"); *Faro Techs., Inc. v. Cimcore Corp.*, No. 6:05-CV-1702-ORL-31JGG, 2006 WL 1119223, at *5 (M.D. Fla. Apr. 27, 2006) (rejecting a claim that a Delaware parent corporation with two Florida subsidiaries was doing business in this state where the parent existed solely to hold stock in the subsidiaries; the parent and subsidiaries shared common officers and at least one director; the chief financial officer of both subsidiaries, with the assistance of subsidiary employees, prepared the parent's tax returns because the parent had no employees of its own; one subsidiary paid for work performed for the parent by subsidiary employees; and one subsidiary provided office space for the parent, rent free). Accordingly, Digitech failed to establish a *prima facie* case for general personal jurisdiction section 48.193(2).

**II.  Specific Jurisdiction, Section 48.193(1), Florida Statutes**

In the alternative, Digitech asserts that the Court may exercise specific jurisdiction over CARI based on CARI's tortious conduct and business activity within the state of Florida. Digitech's arguments are not well-taken.

**A. Tortious Conduct, Section 48.193(1)(b), Florida Statutes**

Section 48.193(1)(b), Florida Statutes, provides for specific jurisdiction in Florida where the defendant has committed a tortious act, such as patent infringement, within the state of Florida.[8] In

---

[8] Patent infringement constitutes a tortious act within the meaning of Florida's long-arm statute for purposes of establishing personal jurisdiction. *Kemin Foods, L.C. v. Omniactive Health Techs., Inc.*, 654 F. Supp. 2d 1328, 1333 (M.D. Fla. 2009).

the present case, the Complaint asserts that CARI infringed, contributed to the infringement, and induced the infringement of the '180 patent within the Middle District of Florida. (Doc. 1 ¶¶ 10, 11). However, CARI submitted the declaration of Mr. Farris refuting Digitech's assertion that CARI engaged in any activity within the state of Florida, including any activity relating to the method or apparatus claimed in the '180 patent. (Doc. 32-1). In response, Digitech now argues that CARI acted in concert with Ally Financial in the selection and securitization of leases, and that CARI's role in this process is sufficient to constitute patent infringement or inducement of patent infringement. (Doc. 37 at 11).

To prevail on a claim of patent infringement under 35 U.S.C. § 271(a), a patentee must establish by a preponderance of the evidence that the accused product or process infringes one or more claims of the patent. *Amgen Inc. v. F. Hoffman-LA Roche Ltd.*, 580 F.3d 1340, 1374 (Fed. Cir. 2009). Inducement of infringement under 35 U.S.C. § 271(b) requires proof that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement. *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1305-06 (Fed. Cir. 2006).

Here, each claim of the patent at issue, the '180 patent, claims either (1) a method of selecting leases that explicitly includes a step of "selecting a lease based on the rate of return," or (2) "[a]n apparatus for facilitating a selection of leases" that also explicitly involves "selecting a lease based on the rate of return." (*See* Doc. 1-1). The Complaint alleges, in a conclusory fashion, that CARI infringes and actively induces others to infringe the '180 patent within the Middle District of Florida. (Doc. 1 ¶¶ 10, 11). However, the Complaint offers no further factual allegations relating to CARI's

alleged infringement or inducement of infringement,[9] and Digitech has offered no evidence to rebut the evidence submitted by CARI demonstrating that: (1) CARI's activities are limited to its role as a depositor and initial certificate holder for various asset-backed securities; (2) CARI does not act in concert with Ally Financial in selecting leases for asset-backed securities; (3) CARI is not otherwise involved with the selection, identification, or servicing of asset-backed securities; and (4) CARI and Ally Financial are separate and distinct corporate entities.[10] Thus, in light of the complete absence of evidence contradicting the record evidence that CARI does not, in Florida or otherwise, engage in any activity related to the selection of leases or knowingly induce a third party to do the same, Digitech has failed to make a *prima facie* showing of personal jurisdiction under section 48.193(1)(b).

Even assuming section 48.193(1)(b) extended far enough to cover CARI in the present action and Ally Financial's activities constituted infringement of the '180 patent, the exercise of personal jurisdiction over CARI would still be inconsistent with the requirements of the Due Process Clause of the United States Constitution. "The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful

---

[9] Notably, the Complaint does not contain any specific factual allegations relating to the actual selection of leases by either Ally Financial or CARI.

[10] Due to the absence of evidence or even factual allegations to support a finding that CARI infringed or induced the infringement of the '180 patent in any manner within the Middle District of Florida, the Court need not reach the merits of the present patent infringement controversy in order to find that Digitech failed to establish personal jurisdiction under section 48.193(1)(b). *See Delong Equip. Co. v. Wash. Mills Abrasive Corp.*, 840 F.2d 843, 845 (11th Cir. 1988) ("[W]hen there is a battle of affidavits placing different constructions on the facts, the court is inclined to give greater weight, in the context of a motion to dismiss, to the plaintiff's version, particularly when the jurisdictional questions are apparently intertwined with the merits of the case." (quotation omitted)).

'contacts, ties, or relations.'"[11] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). Consistent with these principles, the Supreme Court has drawn a distinction between "specific" jurisdiction and "general" jurisdiction. To establish specific jurisdiction, a plaintiff must demonstrate that "the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King Corp*, 471 U.S. at 472-73 (internal citations omitted).

In the present case, Digitech presents no factual allegations or evidence to support a finding that CARI purposefully directed any of its activities at residents of Florida. While Digitech repeats its conclusory assertions that CARI "acted in concert with Ally Financial in the selection and securitization of leases," (Doc. 30 at 11), as previously discussed, this assertion is contradicted by the evidence of record. Similarly, Digitech's unsupported assertions that nationwide securities offers were "of course, also directed at residents of Florida" without more are insufficient to demonstrate that CARI purposefully directed its activities at residents of Florida. (Doc. 37 at 12); *see, e.g., 3D Sys. Inc.*, 160 F.3d at 1380 (finding that a nonresident defendant did not direct activities towards residents of the forum state by maintaining a website mentioning products of an allegedly infringing subsidiary and forwarding resulting email inquires to its subsidiary); *Faro Techs.*, 2006 WL 1119223, at *3 (holding that web sites at issue that merely referred to the accused devices without making them available for purchase were not directed toward residents of Florida). Additionally, there is no

---

[11] "The constitutional touchstone of the due process inquiry remains whether the defendant purposefully established minimum contacts in the forum State." *Patent Rights Prot. Grp., LLC v. Video Gaming Techs., Inc.*, 603 F.3d 1364, 1369 (Fed. Cir. 2010) (quotations omitted).

evidence of record to support a finding that any allegedly infringing activity arose out of or relates to the nationwide offering of securities or some knowing inducement on the part of CARI. *Cf Kemin*, 654 F. Supp. 2d at 1336 (finding that a claim arose from the defendants' activities in the forum where the parent corporation designed, tested, and manufactured the allegedly infringing products and directed its subsidiary to send them to a specific customer in the Middle District of Florida). Accordingly, Digitech has not demonstrated that the exercise of specific jurisdiction under section 48.193(1)(b) in this case would comport with the requirements of the Due Process Clause.

### B. Business Activity in Florida, Section 48.193(1)(a), Florida Statutes

Section 48.193(1)(a), Florida Statutes, provides for specific jurisdiction in Florida where the defendant personally or through an agent is "[o]perating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state." "To invoke long arm jurisdiction under section 48.193(1)(a), the activities of the corporation 'must be considered collectively and show a general course of business activity in the State for pecuniary benefit.'" *Golant v. German Shepherd Dog Club of Am., Inc.*, 26 So. 3d 60, 63 (Fla. 4th DCA 2010) (quoting *Dinsmore v. Martin Blumenthal Assocs., Inc.*, 314 So. 2d 561, 564 (Fla. 1975)); *see also Nida Corp. v. Nida*, 118 F. Supp. 2d 1223, 1227 (M.D. Fla. 2000) ("In order to establish that a non-resident defendant is carrying on a business or business venture in Florida, the Court must consider whether the sum of the defendant's collective business activities shows a general course of business activity in the state for pecuniary benefit.").

In the present case, Digitech has offered no evidence or factual allegations to support a finding that CARI is or was operating, conducting, engaging in, or carrying on a business or business venture in Florida. Nor has Digitech offered any evidence or factual allegations to support a finding that

CARI has an office or agency in Florida. Moreover, as previously discussed, Digitech failed to make a *prima facie* showing that the actions of Ally Financial may be attributed to CARI for purposes of establishing personal jurisdiction. *See Dev. Corp. of Palm Beach v. WBS Constr., L.L.C.*, 925 So. 2d 1156, 1161 (Fla. 4th DCA 2006) (finding that a parent corporation is not subject to jurisdiction in Florida under section 48.193(1) unless the parent exerts a very high level of control over the subsidiary). Accordingly, Digitech failed to make a *prima facie* showing that this Court may exercise specific personal jurisdiction over CARI.

## Conclusion

Based on the forgoing, Capital Auto Receivables LLC's Motion to Dismiss Pursuant to Federal Rule Fed. R. Civ. P. 12(b)(2) for Lack of Personal Jurisdiction (Doc. 32), is **GRANTED**.

**DONE** and **ORDERED** in Orlando, Florida on September 1, 2011.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record